UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------- x

HARRY JEAN-LOUIS,  :
   :
        Plaintiff,  :     **COMPLAINT**
   -against-  :     **20-cv-1869**
   :
AT DAWN MANAGEMENT, INC.,  :     **Jury Trial Demanded**
   :
        Defendant.  :

---------------------------------------------------- x

     Plaintiff, Harry Jean-Louis, by his attorneys, The Law Offices of Russell E. Adler PLLC, for his complaint against Defendant, At Dawn Management, Inc., alleges as follows:

### THE PARTIES

    1.    Plaintiff, Harry Jean-Louis, is a 61 year-old male and resident of Queens County, New York.

    2.    Defendant, At Dawn Management, Inc. ("ADM"), is a New York corporation with a principal executive office located at 31-10 48th Avenue, Long Island City, New York 11101.

### JURISDICTION & VENUE

    3.    This Court has jurisdiction over this action under 28 U.S.C. §1331, 29 U.S.C. § 623 et seq., and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

    4.    Venue is proper in this district under 28 U.S.C. § 1391(b) because all or a substantial part of the events giving rise to Plaintiff's claims occurred in the Eastern District of New York.

    5.    Plaintiff filed a charge of discrimination with the EEOC (Charge No. 520-2020-03314).

    6.    On or about April 6, 2020, the EEOC issued a Dismissal and Notice of Right to Sue.

    7.    Plaintiff commenced this action within 90-days of receipt of the Dismissal and Notice of Right to Sue.

**FACTS**

8.      Plaintiff commenced employment with ADM's predecessor, Mitchell's, in 1978.

9.      At the time of his hiring, Plaintiff was 20 years old; he is now 61 years old.

10.     ADM provides, among other things, residential and commercial delivery of newspapers and magazines.

11.     Throughout his employment, Plaintiff was a manager, supervising as many as approximately 40 employees.

12.     Plaintiff was not the subject of any disciplinary action during his employment.

13.     Plaintiff's supervisors included Roy Newman and Dennis D'Abbraccio.

14.     In or about 2010 and 2014, Plaintiff underwent arthroscopic knee surgery.

15.     At times during his employment, Plaintiff required the use of a cane.

16.     On or about August 19, 2019, Plaintiff underwent knee replacement surgery.

17.     As a result of his knee surgery, Plaintiff was disabled and/or perceived as disabled by ADM.

18.     Plaintiff returned to work on or about October 17, 2019.

19.     On or about November 18, 2019, Mr. Newman and Mr. D'Abbraccio met with Plaintiff to verbally inform Plaintiff that his employment was being terminated.

20.     Plaintiff was told that the company could no longer afford his salary.  Plaintiff was not told that his termination was based on performance.

21.     As the meeting continued, however, Mr. Newman and Mr. D'Abbraccio repeatedly referenced Plaintiff age and stated, among other things, that he was getting "too old" for the job.

22.     During the meeting, Mr. Newman and Mr. D'Abbraccio also discussed Plaintiff's recent surgery and stated that he should retire in order to rest his knee.

23.     Plaintiff had no intention to retire or separate his employment.

24.     Mr. Newman and Mr. D'Abbraccio's statements were direct evidence of age discrimination.

25.     Mr. Newman and Mr. D'Abbraccio's statements were direct evidence of disability and/or perceived disability discrimination.

26.     In connection with his termination, Plaintiff was offered six weeks' severance pay in exchange for his signing a release of claims.

27.     Plaintiff did not sign the separation agreement.

28.     In and around the time of Plaintiff's termination, ADM and/or a parent or affiliated entity of ADM, was in discussions to consummate a merger, acquisition or other business transaction intended to expand ADM's business.

29.     Mr. Newman and Mr. D'Abbraccio were aware of the foregoing business transaction at the time they met with Plaintiff to terminate his employment.

30.     ADM's stated justification for terminating Plaintiff — that it could not afford Plaintiff's salary – was knowingly false.

31.     ADM did not terminate any other managers at the time Plaintiff's employment was terminated.

32.     Upon information and belief, none of Plaintiff's job duties were eliminated, all duties and responsibilities were transitioned to younger and/or non-disabled former colleagues.

**FIRST CLAIM FOR RELIEF**
**Age Discrimination: 29 U.S.C. § 621 et. seq. ("ADEA")**

33.     Plaintiff repeats and realleges the allegations of the foregoing paragraphs as if fully set forth herein.

34.     Plaintiff is over the age of 40 and, as such, a member of a protected class under the ADEA.

35.     Plaintiff was qualified for his position as evidenced by, among other things, his over 40 years of employment with Defendant.

36.     Plaintiff suffered adverse employment action: to wit, his termination of employment.

37.     The circumstances of Plaintiff's termination support an inference that of discrimination.

38.     But for Plaintiff's age, his employment would not have been terminated.

## SECOND CLAIM FOR RELIEF
### Age Discrimination: New York Executive Law § 290 et. seq
### New York State Human Rights Law (" NYSHRL")

39.     Plaintiff repeats and realleges the allegations of the foregoing paragraphs as if fully set forth herein.

40.     But for Plaintiff's age, his employment would not have been terminated.

41.     Plaintiff's age was a motivating factor in Defendant's decision to terminate his employment.

42.     Plaintiff was treated less well than colleagues, based at least in part, on his age.

## THIRD CLAIM FOR RELIEF
### Age Discrimination: New York City Administrative Code § 8-101 et. seq.
### New York City Human Rights Law ("NYCHRL")

43.     Plaintiff repeats and realleges the allegations of the foregoing paragraphs as if fully set forth herein.

## FOURTH CLAIM FOR RELIEF
### Disability Discrimination – NYSHRL

44.     Plaintiff repeats and realleges the allegations set forth above as though fully set forth herein.

45.     Plaintiff suffers from a disability as recognized by the NYSHRL.

46.     Defendant was aware of Plaintiff's disability.

47.     Plaintiff was qualified for his position as evidenced by, among other things, his over 40 years of employment with Defendant.

48.     Plaintiff was able to perform the essential functions of his position.

49.     Accommodating Plaintiff's disability was not an undue hardship.

50.     Defendant engaged in the foregoing conduct because Plaintiff is disabled and/or because Defendant regarded or perceived Plaintiff as disabled.

51.     Defendant treated Plaintiff less well than his colleagues, based at least in part, on his disability and/or perceived disability.

## FIFTH CLAIM FOR RELIEF
### Disability Discrimination  - NYCHRL

52.     Plaintiff repeats and realleges the allegations set forth above as though fully set forth herein.

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

a.  Back pay, front pay, compensatory damages, punitive damages, interest, costs and attorney's fees in amounts to be determined at trial; and

b.  Such other and further relief as this Court deems just and proper.

Dated:  April 21, 2020

LAW OFFICES OF RUSSELL E. ADLER PLLC

By:_____
        Russell E. Adler
78 Ridge Rd.
Katonah, New York 10536
646.504.3299
russ@radlerlawpllc.com
*Attorneys for Plaintiff*